UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONRICO DENHAM #234620 )
and JEFFERY MURRAY #245927, )
  )
        Plaintiffs, ) Case No. 2:06-cv-77
  )
v. ) HON. R. ALLAN EDGAR
  )
L. MIRON, et al., )
  ) **OPINION**
        Defendants. )
  )

       This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The court granted Plaintiff Denham leave to proceed *in forma pauperis*. However, on April 11, 2006, the court issued an order denying Plaintiff Murray leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The court required Plaintiff Murray to pay his share of the filing fee for a civil action, or $125.00, within thirty days, and warned that he would be dismissed from this action without prejudice should he fail to comply. Thirty days have now elapsed, and Plaintiff Murray has not paid the fee. Because Plaintiff Murray has failed to comply with the order, he is properly dismissed from this action without prejudice.

       Therefore, the court need only address the merits of those claims set forth by Plaintiff Denham. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C.

§§ 1915(e)(2), 1915A.  The court must read Plaintiff Denham's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff Denham's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff Denham's claims for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff Denham, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In the complaint, Plaintiff Denham asserts claims against Defendants Miron and Adams.  Plaintiff Denham alleges that on June 12, 2005, Defendant Miron denied him his breakfast tray for no reason, and that Defendant Adams failed to correct the problem.  Plaintiff Denham filed a grievance regarding the issue.  According to the step I grievance response, Plaintiff Denham was not at his door when the trays were passed as required by segregation rules.  Plaintiff Denham claims that this conduct violated his Eighth Amendment rights.  Plaintiff Denham seeks damages.

### II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,

48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

As noted above, it appears that Plaintiff Denham is attempting to assert that his conditions of confinement violate the Eighth Amendment. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Plaintiff Denham has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff Denham's claims fail to state a claim and will therefore be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). In addition, the court will dismiss Plaintiff Murray's claims without prejudice for want of prosecution.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

With regard to Plaintiff Denham, this dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:     6/9/06                              */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE